NOT DESIGNATED FOR PUBLICATION

No. 122,841

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MELISSA J. HEINZMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed January 22, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: After pleading guilty to an offender registration violation, Melissa J. Heinzman was sentenced to 21 months in prison but granted a 24-month probation. About four years later, in keeping with a plea agreement, Heinzman pled guilty to two new crimes: aggravated battery of a law enforcement officer and an offender registration violation. Because of these new convictions, the district court revoked Heinzman's probation and ordered her to serve the original prison sentence. The district court also imposed sentences for the two new convictions and ordered all three sentences to run consecutively. Heinzman appeals. We affirm.

We accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State does not contest Heinzman's motion for summary disposition.

On appeal, Heinzman does not dispute that she violated the terms of her probation. Instead, her sole contention is that the district court erred in revoking her probation and ordering her to serve the underlying sentence. But once a violation has been established, the decision to revoke probation is within the district court's discretion. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Moreover, unless the district court's decision results from legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the court's decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

Heinzman does not favor us with a reason she believes the district court's decision was an abuse of discretion. Upon our review, we find the district court's decision was legally appropriate. Under the statute governing probation revocations, the district court was permitted to bypass intermediate sanctions and impose Heinzman's prison sentence because she committed a new crime while on probation. See K.S.A. 2019 Supp. 22-3716(c)(7)(C). We also discern no factual error.

Since we conclude there was no legal or factual error in the district court's revocation of probation, we next consider whether no reasonable person would agree with the court's decision to revoke Heinzman's probation. Upon our review, Heinzman stipulated to numerous probation violations, including—most importantly—the commission of two new crimes, which included a second conviction for an offender registration violation. Under these circumstances, a reasonable person could agree that imposing Heinzman's prison sentence was appropriate. We hold the district court did not abuse its discretion in revoking Heinzman's probation and ordering her imprisonment.

Affirmed.